**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Payam Mahram

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAYAM MAHRAM,**<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**CHAMPION STRATEGY HOLDINGS LLC,**<br><br>　　　　　Defendant | Case No.: 2:23-cv-07242<br><br>**DECLARATION OF MONA AMINI IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS' FEES AND COSTS**<br><br>Date:　July 16, 2024<br>Time:　10:00 a.m.<br>Dept.:　8D<br><br>**Judge**: Hon. Consuelo B. Marshall |

//
//
//
//
//
//
//

- 1 -
DECL. OF MONA AMINI IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

I, MONA AMINI, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California. I am a Partner at the law firm Kazerouni Law Group, APC, and co-counsel of record for Plaintiff PAYAM MAHRAM ("Plaintiff") in the aforementioned matter.

2. The information stated herein is stated to my own knowledge, except for those stated to be based on information and belief. If called upon to testify, I could and would competently testify as follows:

3. This Declaration is in support of Plaintiff's Motion for Default Judgment against Defendant CHAMPION STRATEGY HOLDINGS, LLC, ("Defendant") and Plaintiff's attorney's fees and costs.

## CASE HISTORY

4. My firm handled Plaintiff's case from beginning to date.

5. The Complaint initiating this matter was filed on August 31, 2023, for violation of (i) The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and (ii) The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA"). (Dkt. No. 1).

6. The Summons and Complaint were served on Defendant on November 9, 2023, as shown by the Proof of Service that Plaintiff filed with this Court November 20, 2023. (Dkt. No. 7). Pursuant to the Federal Rules of Civil Procedure, Defendant was required to respond, answer, or otherwise plead to Plaintiff's Complaint by November 30, 3023. However, as of the date of this filing, Defendant has failed to make any appearance in this action or serve or file its Answer or otherwise respond to the Complaint.

7. Plaintiff filed a Request for Entry of Default as to Defendant on March 12, 2024. (Dkt. No. 9).

8. The Clerk of this Court entered default of Defendant on March 14, 2024. (Dkt. No. 10).

9. Defendant is undoubtedly aware of this action as Defendant was served,

DECL. OF MONA AMINI IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

however, despite the time that has transpired, Defendant has still not appeared in this case to defend the lawsuit.

10. In light of the lack of any timely responsive pleading or appearance in this action by Defendant, Plaintiff has submitted a Motion for Default Judgment and requested an award of Attorneys' Fees and Costs against Defendant.

11. Defendant CHAMPION STRATEGY HOLDINGS, LLC, is a California corporation and therefore not an infant or an incompetent person.

12. Defendant is a California corporation and not currently in the military service, therefore the Servicemembers Civil Relief Act, 50 App. U.S.C. 521, does not apply.

13. Notice of this Motion will be served on Defendant as required by Federal Rule of Civil Procedure 55(b)(2).

### **COUNSEL'S EXPERIENCE IN SUPPORT OF ATTORNEY'S FEES REQUEST**

14. A significant focus of Kazerouni Law Group, APC's practice concerns consumer rights litigation in general, on an individual and class basis, including several putative class actions concerning violations of the FDCPA and RFDCPA.

15. I have filed and litigated numerous cases based on federal and state consumer statutes, including individual and putative class action cases, involving the Fair Debt Collection Procedures Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Procedures Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA") as well as class actions involving claims under Cal. Bus. & Prof. Code § 17200 ("UCL"), Cal. Bus. & Prof. Code § 17500 ("FAL"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); and California Penal Code § 630, et seq. and other consumer protection statutes.

16. I have undergone extensive training in the area of the FDCPA and the Rosenthal Act, including but not limited to the following:

DECL. OF MONA AMINI IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

a. A three-day Consumer Rights Litigation Conference in November 2014 co-sponsored by National Consumer Law Center (NCLC) and National Association of Consumer Advocates (NACA) in Tampa, Florida.

b. A three-day Fair Credit Reporting Act Conference in May 2015 sponsored by the National Association of Consumer Advocates (NACA) in Las Vegas, Nevada.

c. A three-day Consumer Rights Litigation Conference in November 2015 co-sponsored by National Consumer Law Center (NCLC) and National Association of Consumer Advocates (NACA) in San Antonio, Texas.

d. A three-day Consumer Rights Litigation Conference in October 2016 co-sponsored by National Consumer Law Center (NCLC) and National Association of Consumer Advocates (NACA) in Anaheim, California.

e. A three-day seminar organized by Mass Torts Made Perfect (MTMP) from October 13-15, 2021 in Las Vegas, Nevada.

17. I am also a member in good standing of the following local and national associations:

a. American Association for Justice;

b. Consumer Attorneys of California;

c. National Association of Consumer Advocates;

d. Orange County Bar Association;

e. Orange County Trial Lawyers Association

f. Los Angeles County Bar Association;

g. Riverside County Bar Association; and

h. San Bernardino County Bar Association.

18. In 2019, the Consumer Attorneys of California (CAOC) selected me from a pool of applicants for inclusion in its 2019 Leadership Academy.

19. I have been honored to be selected by Super Lawyers Magazine from 2021 through 2024 for its Southern California Rising Stars list, an honor reserved for

DECL. OF MONA AMINI IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

those lawyers who exhibit excellence in practice. Only 2.5% of attorneys in Southern California receive this distinction.

20. Plaintiff's counsel's hourly rates include many factors beyond personal compensation, including non-billed office personnel, equipment, insurance, research materials, office and other overhead expenses. FDCPA litigation inevitably involves large corporations, which have the capacity to bring enormous resources to bear that individual consumers are simply unable to meet on their own. Collection companies vigorously resist settling cases, and as here, at times refuse to file any responsive pleading in response to our Complaint. If plaintiffs' attorneys are not compensated at a rate that allows them to maintain the technological – as well as intellectual and professional resources – to match corporate defendants' exhaustive resources, consumers simply cannot prevail. Few attorneys have the means and ability to take these cases, and if those that do so are not compensated at a rate that allows them the chance of prevailing on behalf of consumers, these cases will not be brought, and the remedial purpose of this legislation will fail.

21. Unfortunately, there are very few attorneys who regularly represent plaintiffs in cases involving the FDCPA. This is most likely due to the specialized and complex nature of the statute and case law and due to the relative financial resources of the respective parties, whereby the consumer is often forced to "match resources" with the defendant and litigate his or her rights up to - and sometimes through - trial.

22. The average consumer does not have funds to litigate this type of case. Therefore, in further justification of our fees, I note that we take such cases on a contingency fee basis, advance all litigation costs and do not charge the consumer one penny up front If the case is lost, we do not get paid. This alone would justify a fee rate well in excess of the fees we charge for doing hourly work.

DECL. OF MONA AMINI IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

23. On November 30, 2018, Hon. Philip S. Gutierrez approved and deemed my then-requested hourly rate of $350.00 per hour as reasonable in *Cole v. The Collins Group of Florida LLC*, No. CV-18-00184-PSG-KK (C.D. Cal.) (Order granting plaintiff's motion for default judgment and attorneys' fees and costs in a FDCPA and RFDCPA case).

24. On February 8, 2019, Hon. Joel R. Wohlfeil deemed my requested hourly rate of $395.00 per hour as reasonable and justified in *Santana, et al. v. Rady Children's Hospital – San Diego,* No. 37-2014-00022411-CU-MT-CTL, in the court's order granting final approval and plaintiff's motion for attorneys' fees and costs in a class action involving the Confidentiality of Medical Information Act.

25. On September 12, 2019, in *Medina v. Enhanced Recovery Company,* No. 2:15-cv-14342-JEM (S.D. Fl.), Hon. Jose E. Martinez deemed my then-requested hourly rate of $395.00 per hour as reasonable and justified in the court's order granting final approval and attorney's fees and costs in a TCPA class action.

26. On August 18, 2020, in *Cantu v. A R Client Services LLC, et al.*, No. 5:20-cv-01036-PA-KK (C.D. Cal. August 18, 2020) (judgment awarding Plaintiff $2,000 statutory damages from each defendant and $7,234.66 in actual damages for defendants' violations of the FDCPA and RDCPA), a similar FDCPA and RFDCPA action ending in a default judgment, Hon. Percy Anderson deemed my then-requested hourly rate of $425.00 as reasonable and justified in the court's order granting plaintiff's motion for default judgment and award of attorney's fees and costs.

27. On September 14, 2021, in another similar FDCPA and RFDCPA action concluding in a default judgment, Hon. David O. Carter deemed my then-requested hourly rate of $450.00 as reasonable and justified in the court's order granting plaintiff's motion for default judgment and award of attorney's fees and costs. *Stark v. Cornerstone Legal Group Inc*, No. 8:21-cv-01047-DOC-DFM

DECL. OF MONA AMINI IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

(C.D. Cal.) (awarding $2,000 in statutory damages and $5,000 to compensate plaintiff for mental anguish caused by defendant).

28. I was previously approved for $595 per hour in *Hellyer, et al. v. Smile Brands,* No. 8:21-cv-01886-DOC-ADS (C.D. Cal.) by Hon. David O. Carter on January 16, 2024; and in *Hajihassani v. Encore Flight Corporation*, No. 2:21-cv007695-KK-KS when the Court granted Plaintiff's Motion for Default Judgment.

29. Since the above-cited cases approving my then-requested hourly rates, I have received additional training through seminars and CLE's as well as my work in numerous cases in California, Nevada, and actions in other states.

30. Given the above-approved rates, my additional experience gained since that time, and current prevailing hourly rates in this judicial district, I believe that my training and experience are sufficient to justify an hourly billing rate of $595.00 per hour requested in this case.

### PLAINTIFF'S ATTORNEY'S FEES AND COSTS INCURRED

31. I respectfully submit that this firm utilized skill, careful and thorough preparation and investigation through litigation to reach a favorable result for the Plaintiff. After carefully reviewing my firms billing records, I determined that the fees were reasonably incurred in litigating this case to a successful resolution.

32. I billed 18 hours at the hourly rate of $595.00 per hour for work on this case; and as discussed in the Motion and the declaration submitted by my colleague, David McGlothlin billed 2.3 hours at his hourly rate of $595.00 per hour for his work on this case for a total sum of 20.3 hours and $12,078.50 in attorney's fees by Plaintiff's Counsel in this case.

33. A reduction of approximately 4.5 hours was taken at arriving at these numbers, including reducing the hours billed for reviewing documents, researching various issues of the case, as well as not charging for several tasks, including clerical work, emails, messages, etc. I reduced the amount based on reasonable billing discretion.

DECL. OF MONA AMINI IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

34. My office has incurred a total of $542.92 in costs for this action to date. That amount consists of a filing fee of $402.00 for filing the Complaint in this action and process serving fees of $115.00 for service of the Defendant, and approximately $25.92 for postage, printing and mailings including certified mail with return receipt to Defendant related to this matter.

35. In summary, the combined total amount of attorneys' fees and costs my office seeks for Plaintiff in this case is $12,104.42

36. Attached to this Declaration as "**Exhibit A**" is a table listing Plaintiff's attorneys' fees and costs incurred in successfully litigating this action through the date of filing Plaintiff's instant Motion for Default Judgment and Attorneys' Fees and Costs.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed this 14th day of June 2024 in Costa Mesa, California.

          */s/ Mona Amini*
          MONA AMINI, ESQ.
          ATTORNEY FOR PLAINTIFF

DECL. OF MONA AMINI IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

EXHIBIT A

# KAZEROUNI LAW GROUP, APC

**CASE NAME:** Payam Mahram v. Champion Strategy Holdings, LLC
**COURT:** USDC - Central District
**CASE NUMBER:** 2:23-cv-07242-CBM-RAO

| Date | Task | Attorney | Hourly Rate | Time | Task Charge |
|---|---|---|---|---|---|
| 01/17/2023 | Client Intake and file creation | MA | $595.00 | 1.2 | $714.00 |
| 01/17/2023 | Discussed potential new case with DM. | MA | $595.00 | 0.7 | $416.50 |
| 01/17/2023 | Spoke with Mona regarding potential client's case | DM | $595.00 | 0.7 | $416.50 |
| 01/17/2023 | Reviewed intake and C&D letter sebt by PC by mail and proof of calls post-C&D letter | DM | $595.00 | 0.6 | $357.00 |
| 01/17/2023 | Researched potential Defendant's website: www.championstrategyholdings.com | MA | $595.00 | 0.3 | $178.50 |
| 01/17/2023 | Researched Champion on Pacer. Only saw 1 case filed against them (Stephenson v. Champion Strategy Holdings LLC et al., No. 1:21-cv-00704-PLM-PJG (WD Michigan) Case was dismissed for failure to serve | MA | $595.00 | 0.4 | $238.00 |
| 01/17/2023 | Listened to VM PC received from Defendant | MA | $595.00 | 0.2 | $119.00 |
| 01/18/2023 | Reserached Defendant - couldn't find registration in CA on CA Sec of State site. Found on GA site - appears active | MA | $595.00 | 0.3 | $178.50 |
| 01/19/2023 | Discussed fee agreement with PC | MA | $595.00 | 0.2 | $119.00 |
| 01/19/2023 | Email exchange and call with client - told him that we will send revised FA 60/40 and explained limited scope retainer, etc. | MA | $595.00 | 0.5 | $297.50 |
| 01/24/2023 | Work on draft demand letter, looked up addresses for Champion | MA | $595.00 | 1.3 | $773.50 |
| 02/06/2023 | Email exchange with Client | MA | $595.00 | 0.2 | $119.00 |
| 02/16/2023 | Checked tracking #s on the demand letter we sent to Champion to confirm delivery | MA | $595.00 | 0.2 | $119.00 |
| 02/16/2023 | Reviewed Certified Mail return receipt received back at our office for mailing to agent of service | MA | $595.00 | 0.2 | $119.00 |
| 04/04/2023 | Emailed client - updated him re letter to Champion | MA | $595.00 | 0.2 | $119.00 |
| 04/04/2023 | Several email exchanges with client re case strategy | MA | $595.00 | 0.4 | $238.00 |
| 04/04/2023 | Email exchanges with client re additional calls believed to be from Champion | MA | $595.00 | 0.2 | $119.00 |
| 04/25/2023 | Email exchange with Client re: voicemail/call from Champion | MA | $595.00 | 0.2 | $119.00 |
| 04/28/2023 | Reviewed email and screenshot of call Client rec'd post C&D 4/25/23 | MA | $595.00 | 0.2 | $119.00 |
| 05/24/2023 | Email from client re add'l call/VM from Champion | MA | $595.00 | 0.2 | $119.00 |
| 06/08/2023 | Email exchange with client re: another screenshot of the call he got from Champion so it shows the date (should be 5/24) | MA | $595.00 | 0.2 | $119.00 |
| 07/24/2023 | Work on draft Complaint | MA | $595.00 | 1.1 | $654.50 |
| 07/24/2023 | Researched Defendant - another case filed in SDNY - dismissed voluntarily w/o prejudice, no appearance by D | MA | $595.00 | 0.2 | $119.00 |
| 08/01/2023 | Disussed case status with Mona | DJM | $595.00 | 0.3 | $178.50 |
| 08/31/2023 | Finished draft complaint against Champion - added add'l calls post letter of rep | MA | $595.00 | 0.9 | $535.50 |
| 08/31/2023 | Prepared case initating docs (Cover Sheet, NIP, Summons) | MA | $595.00 | 0.5 | $297.50 |
| 08/31/2023 | Checked GA Sec of State for updated info re D | MA | $595.00 | 0.2 | $119.00 |
| 08/31/2023 | Filed Complaint, CCS, NIP, and Summons via ECF | MA | $595.00 | 0.2 | $119.00 |
| 09/05/2023 | Reviewed notice to counsel re: Magistrate Judge Direct Assignment Program. This case has been randomly assigned to Magistrate Judge Jean P. Rosenbluth. | MA | $595.00 | 0.1 | $59.50 |
| 09/05/2023 | Reviewed 21 DAY Summons Issued re Complaint as to Defendant Champion | MA | $595.00 | 0.1 | $59.50 |
| 09/29/2023 | Discussed case status with client and additional calls he has been receiving | MA | $595.00 | 0.2 | $119.00 |
| 09/29/2023 | Discussed case strategy with client + potentially amending | MA | $595.00 | 0.2 | $119.00 |
| 11/06/2023 | Sent Complaint, CCS, Summons, etc. for service | MA | $595.00 | 0.2 | $119.00 |
| 11/09/2023 | Reviewed notification from process server re: Champion successfully served today 11/9 (prior attempt unsuccessful). D's Answer due 11/30. Calendared Answer deadline. | MA | $595.00 | 0.2 | $119.00 |
| 11/13/2023 | Reviewed case status | DJM | $595.00 | 0.2 | $119.00 |
| 11/20/2023 | Received and filed the Affidavit of Service from Proof | MA | $595.00 | 0.2 | $119.00 |
| 11/30/2023 | Emailed client re case status. Explained the defendant hasn't appeared/responded since service of the complaint and their deadline to file a responsive pleading is today, so we might just be proceeding with default and ultimately a default judgment. | MA | $595.00 | 0.2 | $119.00 |
| 01/03/2024 | Reviewed Notice of Reassignment from Magistrate Judge Jean P. Rosenbluth to Judge Consuelo B. Marshall for all further proceedings. Updated file - the case number will now reflect the initials of the transferee Judges 2:23-cv-07242 CBM(RAOx) | MA | $595.00 | 0.2 | $119.00 |
| 02/07/2024 | Reviewed file - Defendant has defaulted - we should file Request for Entry of Default and proceed with Motion for Default Judgment | DJM | $595.00 | 0.2 | $119.00 |
| 03/12/2024 | Drafted Request for Entry of Default, Declaration, Proposed Order, etc. | MA | $595.00 | 1.8 | $1,071.00 |
| 03/12/2024 | Filed Request for Clerk to Enter Default via ECF | MA | $595.00 | 0.2 | $119.00 |
| 03/14/2024 | Reviewed DEFAULT BY CLERK pursuant to F.R.Civ.P.55(a) as to Champion Strategy Holdings, LLC | MA | $595.00 | 0.1 | $59.50 |
| 04/05/2024 | Reviewed Standing Order upon filing of the complaint by Judge Consuelo B. Marshall. | MA | $595.00 | 0.2 | $119.00 |
| 04/09/2024 | Reviewed Order to Show Cause and calendared deadline to file Motion for Default Judgment | MA | $595.00 | 0.2 | $119.00 |
| 05/04/2024 | Discussed case status with Mona and agreed we will need to proceed with default judgment | DJM | $595.00 | 0.3 | $178.50 |
| 06/10/2024 | Worked on draft Motion for Default Judgment | MA | $595.00 | 2.8 | $1,666.00 |
| 6/14/24 | Completed papers for Motion for Default Judgment and finalized for filing | MA | 595 | 0.7 | $416.50 |
| | | | | 20.3 | $12,078.50 |